LEP/LEK: USAO2014R00352

```
___FILED     ___ENTERED
___LODGED    ___RECEIVED

MAR - 4 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL NO. DKC 15cr0092 |
| **THERESA DARLENE SNEAD,** | * | (Theft of Government Property, 18 U.S.C. § 641; Title II Benefit Fraud, 42 U.S.C. § 408(a)(4)(ii); Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1) and (c)(11); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)) |
| **Defendant** | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to the charges in this Indictment:

1. The Social Security Administration ("SSA") was an agency of the United States within the United States government which administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. ("the Act"). These programs included the Social Security Old-Age, Survivors, and Disability Insurance and related programs under Title II of the Act ("Title II Programs").

2. The Title II Programs included the Retirement Insurance Benefits Program, which paid monthly cash benefits to individuals who had worked and paid taxes to the SSA. To be eligible for monthly cash benefits, individuals must have reached the age of 62 and paid a portion of their prior wages into the program. Benefits eligibility and payment amount were

determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3.      A person known to the Grand Jury and identified in this Indictment as Victim-1 was born in 1918 and began collecting Title II Retirement Benefits in 1986, based on Victim-1's own earnings record. Victim-1 died on January 10, 2003. At the time of Victim-1's death, Victim-1's monthly benefit amount was $762.

4.      Defendant **SNEAD** was Victim-1's daughter-in-law's sister and a resident of Suitland, Maryland. Before Victim-1's death, Victim-1 and **SNEAD** resided together at a private residence located at 6703 Woodland Avenue, Suitland, Maryland.

5.      Victim-1's benefits were paid by United States Treasury check and mailed to 6703 Woodland Avenue, Suitland, Maryland. The majority of those checks were cashed at Base Liquor, a commercial establishment located in Suitland, Maryland. On the occasions that the U.S. Treasury checks were cashed at Base Liquor, **SNEAD** arrived at Base Liquor and presented an identification card bearing **SNEAD's** photograph but Victim-1's name. **SNEAD** endorsed the checks using Victim-1's name, and would receive the benefits in cash. **SNEAD** was the only person who cashed checks inside of Base Liquor using the name and identification of Victim-1.

6.      Defendant **SNEAD** did not notify the SSA of Victim-1's death. After Victim-1's death, neither **SNEAD** nor any other individual was entitled to receive Title II Program benefits on Victim-1's behalf. Because the SSA was not aware of Victim-1's death, between January 10, 2003, and March 3, 2014, the SSA continued to make monthly payments of Title II Program benefits, via U.S. Treasury check, for the benefit of Victim-1. At the time benefits were suspended in 2014, the SSA was paying $980 per month. The SSA paid a total of $115,388 in unauthorized benefits after Victim-1's death on January 10, 2003.

## The Charge

7. Between in or about January 2003, and in or about March 2014, in the District of Maryland, the defendant,

**THERESA DARLENE SNEAD,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000, namely Title II Program benefits to which she was not entitled.

18 U.S.C. § 641

## **COUNT TWO**

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 6 of Count One are incorporated here.

2.  Between in or about January 2003, and in or about March 2014, in the District of Maryland, the defendant,

**THERESA DARLENE SNEAD,**

having knowledge that, after the death of Victim-1, she was not entitled to receive the Title II Program benefits paid for the benefit of Victim-1, did intentionally conceal and fail to disclose Victim-1's death in order to fraudulently secure Title II Program benefit payments.


42 U.S.C. § 408(a)(4)(ii)

## **COUNT THREE**

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 6 of Count One are incorporated here.

2.  Between in or about January 2003, and in or about March 2014, in the District of Maryland, the defendant,

**THERESA DARLENE SNEAD,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and Social Security account number of Victim-1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Social Security Title II Benefit Fraud, as alleged in Count Two of this Indictment.

18 U.S.C. §§ 1028A(a)(1) and (c)(11)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), in the event of the defendant's convictions under Counts One, Two, and Three of this Indictment.

2. As a result of the offense set forth in Counts One, Two and Three of the Indictment, the defendant,

**THERESA DARLENE SNEAD,**

shall forfeit to the United States and any all property constituting, or derived from, proceeds obtained directly or indirectly as a result of any such violation.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, $115,388.

21 U.S.C. § 853
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

*Rod J Rosenstein/LP*

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

3/4/15

Date